# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8393 | **DATE** | 12/12/2011 |
| **CASE TITLE** | Daryl Johnson (B-60324) v. Kendall County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* ("IFP") [3] is denied without prejudice to Plaintiff submitting another application. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that states a federal claim. To proceed with this case in this court, Plaintiff must, within 30 days of the date of this order: (1) either submit a completed IFP application or prepay the $350 filing fee, and (2) submit an amended complaint. The clerk shall send to Plaintiff an IFP application and an amended complaint form, along with a copy of this order. Plaintiff's failure to comply with this order within 30 days may be construed as his desire not to proceed with his claims in this court and will result in dismissal of the case. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]                                                          Docketing to mail notices.

## STATEMENT

    Plaintiff Daryl Johnson, an inmate at the Robinson Correctional Center (inmate #B-60324), has filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against the Kendall County Jail, Commanders Gillepsie and Jennings, and an unknown officer. Plaintiff alleges that, in February or March of 2011, he learned that Kendall County Jail officials had mistakenly given away his property. Commander Gillepsie attempted to retrieve Plaintiff's property, but was unsuccessful. Plaintiff states that he has lost car keys, jewelry, his cellphone, his driver's license and credit cards, as well as more personal items such as family photographs.

    Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"). The current IFP application, however, contains trust fund statements from several facilities. The trust fund information from Robinson Correctional Center appears to be the only statement that is needed. Additionally, the current application may have missing pages, which could have occurred either when sending the form to this court or after its receipt in our clerk's office. In order to assist the court with determining whether Plaintiff qualifies as a pauper in order to pay the $350 filing fee in installments under the Prison Litigation Reform Act ("PLRA") and assess an initial partial filing fee, the court requests that Plaintiff resubmit his IFP application. The clerk will forward to Plaintiff another IFP application form.

    Turning to Plaintiff's complaint, as currently drafted, it does not present a claim for this court's review. The loss of property, by itself, is a state-law claim, not a federal one. A civil rights claim pursuant to 42 U.S.C. § 1983, which Plaintiff seeks to file in this court, involves: (1) the deprivation of a right or privilege secured by the Constitution or federal law (2) by a person acting under color of state law, i.e., a state actor. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010). A jail or prison's loss of an inmate's property does not amount to a constitutional violation so long as the state provides adequate post-deprivation remedies for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981). Illinois law provides actions for replevin and conversion that are sufficient to address Plaintiff's loss-of-property claim. *See*
**(CONTINUED)**

isk

**STATEMENT (continued)**

*Gable v. City of Chicago*, 296 F.3d 531, 539-40 (7th Cir. 2002) (Illinois cause of action for replevin provides adequate postdeprivation remedy); *Stewart v. McGinnis*, 5 F.3d 1031, 1035-37 (7th Cir. 1993) (tort claim may be filed in the Illinois Court of Claims in regard to destruction of property); *Greco v. Guss*, 775 F.2d 161, 169 (7th Cir. 1985) (Illinois cause of action for conversion provides adequate postdeprivation remedy). Although the events Plaintiff describe are unfortunate, they give rise to only state claims that should be brought in state court.

Accordingly, Plaintiff's complaint is dismissed. The dismissal is without prejudice, and Plaintiff will have an opportunity to submit an amended complaint that states a valid federal claim. If Plaintiff seeks to pursue this case in this court, he must submit both another IFP application or prepay the $350 filing fee, and submit an amended complaint that presents a valid federal claim. The court informs Plaintiff that, even if the court determines that Plaintiff presents no federal claim, the court will have to address the filing fee issue and require him to pay the $350 filing fee, either in installments under the PLRA or all at once as a prepayment, if he is able to do so. The court further informs that the submission of an amended complaint that again presents only a state law claim for compensation for the loss of property will result not only in the dismissal of this case with prejudice, but also possibly the imposition of a strike under 28 U.S.C. § 1915(g) for failure to state a claim upon which relief may be granted. If Plaintiff receives three strikes, he will not be able to file another action in any federal court without prepaying the filing fee unless he is able to demonstrate that he is imminent danger of serious physical injury.

Therefore, in order for Plaintiff to proceed with this case, within 30 days of the date of this order, he must: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint that states a valid federal claim. Failure to comply with this order may be construed as Plaintiff's desire not to proceed with his claims in this court and will result in summary dismissal of this case.